No. 22-567, *Wingett v. Challa*

**FILED**
**November 8, 2023**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Armstead, Justice, concurring:**

In this matter, the Court is requested by the Circuit Court of Kanawha County to answer a certified question which asks, "[s]hould the jury be allowed to consider the fault of a party who was originally named as a defendant but voluntarily dismissed by the plaintiff pursuant to either West Virginia Code § 55-7B-9, West Virginia Code § 55-[7]-13c, and/or West Virginia Code § 55-7-13d under the specific facts set forth in the instant case?" Although the question posed inquires as to the ability of the finder of fact to consider the fault of a third party under multiple statutes, namely West Virginia Code § 55-7B-9, West Virginia Code § 55-[7]-13c, and/or West Virginia Code § 55-7-13d, the majority has reformulated the certified question to consider only West Virginia Code § 55-7B-9, which forms a portion of the Medical Professional Liability Act ("MPLA"). The reformulated certified question asks: whether a healthcare provider who was named in the complaint but voluntarily dismissed as a party is an "alleged party" for purposes of West Virginia Code § 55-7B-9(b)?

Undoubtedly, it is within our discretion to reformulate a certified question posed to us but, as the majority recognizes in footnote 12 of the majority opinion, such reformulation is generally exercised when answering the question or questions posed would result in the Court issuing an advisory opinion. Here, both the question of (1) whether the fault of a non-party may be considered pursuant to the MPLA "and/or" (2)

1

whether the filing of a notice of non-party fault permits the consideration of such person or entity's fault in assessing the degree of fault, if any, assessed to the named defendant(s). Because both such questions may be determinative of issues pending before the circuit court, I do not believe this court's consideration and determination of the certified question as posed would result in an advisory opinion.

I concur with the majority's decision insofar as it requires the fault of Dr. Ratnani and PCS to be considered by the jury. Further, I concur with the majority's analysis that Dr. Ratnani and PCS are "alleged parties" under West Virginia Code § 55-7B-9(b). However, by reformulating the certified question, the majority does not address whether Dr. Ratnani and PCS may also be considered "non-parties" for purposes of West Virginia Code § 55-7-13d. I write separately to address this argument as it was asserted by Dr. Challa.

My position on this issue has not changed since the filing of my dissent in *State ex rel. Chalifoux v. Cramer*, No. 20-0929, 2021 WL 2420196 (W. Va. June 14, 2021) (memorandum decision). I do not believe that the Legislature intended to deny defendants in medical malpractice cases the same ability to identify and apportion fault to non-parties as it has provided to defendants in all other types of actions.

After being informed by the Wingetts' counsel that there was a service issue with Dr. Ratnani and that a voluntary dismissal of Dr. Ratnani and PCS may be forthcoming, Dr. Challa filed a notice of nonparty fault pursuant to West Virginia Code §

2

55-7-13d.[1]  Dr. Challa argued that the jury should also be allowed to consider the fault of Dr. Ratnani and PCS pursuant to West Virginia Code § 55-7-13d, which permits the trier of fact to consider the fault of all parties and nonparties who contributed to the alleged damages.  Because he believes that his claims fall within the scope of the MPLA, Dr. Challa questioned whether he was required to give the notice of non-party fault required by West Virginia Code § 55-7-13d, but he did so out of an abundance of caution.  For this reason, he argues that he is also entitled to the protections and privileges allowed under West Virginia Code § 55-7-13d, and I agree.

The Wingetts disagree and assert that since the MPLA applies, "the allocation of fault and/or non-party fault provisions contained in West Virginia Code § 55-7-13c and/or West Virginia Code § 55-7-13d do not apply." Because West Virginia Code § 55-7B-9 and West Virginia Code §55-7-13d impose a statutory scheme imposing several liability rather than joint and several liability, the two sections should be read in *para materia*.[2]

---

[1] West Virginia Code § 55-7-13d provides, in part, "[f]ault of a nonparty shall be considered … if a defending party gives notice no later than one hundred eighty days after service of process upon said defendant that a nonparty was wholly or partially at fault."

[2] We have long acknowledged that statutes should be read in *pari materia* and that "[o]ur rules of statutory construction require us to give meaning to all provisions in a statutory scheme, if at all possible.'" *Community Antenna Services, Inc. v. Charter Communications VI, LLC,* 227 W. Va. 595, 604, 712 S.E.2d 504, 513 (2011).  "A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part, . . ." *Id.*

West Virginia Code § 55-7-13c(i)(3) provides, "[t]his *section* does not apply to the following statutes … (3) Article seven-b [§§ 55-7b-1 et seq.], chapter fifty-five of this code [the MPLA]." (Emphasis added).   Clearly, such language exempting its application to actions filed within the scope of the MPLA refers only to that "section," namely section 13c.   The Wingetts urge us to apply such exemption to all sections of Chapter 55, Article 7, including section 17d.  I believe we should reject such argument and affirmatively find that West Virginia Code § 55-7-13d does apply to MPLA actions.   West Virginia Code § 55-7-13d states, in pertinent part:

> (a) Determination of fault of parties and nonparties. —
>
> (1) In assessing percentages of fault, the trier of fact shall consider the fault of *all persons who contributed to the alleged damages* regardless of whether the person was or could have been named as a party to the suit;
>
> ***
>
> (3) In all instances where a nonparty is assessed a percentage of fault, any recovery by a plaintiff shall be reduced in proportion to the percentage of fault chargeable to such nonparty. Where a plaintiff has settled with a party or nonparty before verdict, that plaintiff's recovery will be reduced in proportion to the percentage of fault assigned to the settling party or nonparty, rather than by the amount of the nonparty's or party's settlement;
>
> ***
>
> (5) Assessments of percentages of fault for nonparties are used only as a vehicle for accurately determining the fault of named parties. Where fault is assessed against nonparties, findings of such fault do not subject any nonparty to liability in that or any other action, or may not be introduced as evidence of liability or for any other purpose in any other action; and
>
> (6) In all actions involving fault of more than one person, unless otherwise agreed by all parties to the action, the court

shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating the percentage of the total fault that is allocated to each party and nonparty pursuant to this article. For this purpose, the court may determine that two or more persons are to be treated as a single person.

\*\*\*

(e) Damages. – For purposes of this section, "damages" includes all damages which may be recoverable for personal injury, death, or loss of or damage to property, including those recoverable in a wrongful death action.

\*\*\*

(h) Applicability. – This section *applies to all causes of action* arising or accruing on or after the effective date of its enactment. The amendments to this section enacted during the 2016 regular session of the Legislature shall *apply to all causes of action* accruing on or after the effective date of those amendments.

(Emphasis added). Unlike West Virginia Code § 55-7-13c, West Virginia Code § 55-7-13d *does not* state that it is inapplicable to MPLA cases. Indeed, the Wingetts did not cite any statutory authority or case law which expressly prohibits the provisions of W. Va. Code § 55-7-13d from applying in an MPLA case. Section 13d could not be more clear – it "*applies to all causes of action.*"

Moreover, this Court has held that the applicable version of W. Va. Code § 55-7-13d comprises a "series of new statutes which in fact do purport to *fully occupy the field of comparative fault* and the consideration of 'the fault of parties and nonparties to a

5

civil action[.]'" *Modular Bldg. Consultants of W. Va., Inc. v. Poerio, Inc.*, 235 W. Va. 474, 486 n.12, 774 S.E.2d 555, 567 n. 12 (2015) (Emphasis added).[3]

For the reasons stated herein, I concur with the majority's ultimate conclusion that the fault of Dr. Ratnani and PCS should be considered by the jury, but I believe that this conclusion is supported by both the MPLA and West Virginia Code § 55-7-13d.

---

[3] In addition to the factors set forth above, I am also concerned that, by declining to determine whether the provisions of West Virginia Code §55-7-13d also apply, the majority has also failed to determine whether the detailed processes set forth in West Virginia Code §55-7-13d govern such apportionment of fault in this case. The majority's opinion leaves this question unanswered. Because I believe that section 13d does, in fact, also apply here, this Court should find that *both* West Virginia Code § 55-7B-9 and West Virginia Code § 55-7-13d entitle the fault of Dr. Ratnani and PCS to be considered by the jury and the two statutes should be applied in *pari materia*. Such a determination would provide added clarity to the circuit court upon remand.